UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAX YVES MERLAIN,                          Civil Action No. 20-3872 (MCA)

        Petitioner,

v.

JAMES SLAUGHTER, et al.,                   MEMORANDUM OPINION

        Respondents.                   & ORDER

 

This matter has been opened to the Court by Respondents' motion to dismiss Petitioner

Max Yves Merlain's ("Petitioner"), Petition for a Writ of Habeas Corpus ("Petition") pursuant to

28 U.S.C. § 2254, as well as Petitioner's request for default judgment and his motion seeking

dismissal of Respondents' motion to dismiss. ECF Nos. 8, 12.  For the reasons explained below,

the Court denies without prejudice Respondents' motion to dismiss the Petition as untimely and

directs Respondents to file their full Answer.  Respondents are free to reraise timeliness on a

claim-by-claim basis in their full Answer, and Petitioner should provide any facts in support of

equitable tolling in his traverse.  The Court also denies Petitioner's motion seeking dismissal of

Respondents' motion to dismiss and his requests for default judgment.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A jury found defendant Petitioner guilty of serious bodily injury murder, N.J.S.A. 2C:11–

3a(1), and endangering the welfare of the two-year-old son of his girlfriend.  The trial judge

---

[1] The Court notes that Respondents have not provided the relevant record, including Petitioner's
Judgment of Conviction, his date-stamped PCR petitions, and the trial court's Order denying
Petitioner's first PCR, and instead rely largely on the recitation provided by the Appellate

imposed a forty-five year term of imprisonment subject to a No Early Release Act (NERA) parole ineligibility term on the murder charge and a concurrent term of eight years subject to a four-year parole ineligibility term on the endangering charge. *See State v. Merlain*, No. 06–05–0421.2012 WL 986998, at *1 (N.J. Super. App. Div. Mar. 26, 2012).

On direct appeal, the Appellate Division affirmed petitioner's convictions and sentence, and the New Jersey Supreme Court denied petitioner's petition for certification on October 3, 2012. *State v. Merlain*, 212 N.J. 287 (2012).

On December 10, 2012, petitioner timely filed his first petition for post-conviction relief (PCR), alleging ineffective assistance of trial and appellate counsel. *State v. Merlain*, No. A-3775-13T2, 2016 WL 3389906, at *1 (N.J. Super. App. Div. Jun. 21, 2016). On February 19, 2014, the PCR court denied the petition on the merits. *See id.* at *2. The Appellate Division affirmed the denial of the first PCR petition on June 21, 2016. *See id.* at 3. The New Jersey Supreme Court denied petitioner's petition for certification on October 11, 2016. *See State v. Merlain*, 228 N.J. 45 (2016).

Petitioner apparently filed a second PCR petition in the Law Division on October 28, 2015, approximately twenty months after the PCR court denied his first PCR and while his appeal of the decision was still pending. *See State v. Merlain*, No. A-3869-16T2, 2018 WL 5260429, at *1 (N.J. Super. App. Div. Oct. 23, 2018). The parties have not provided the trial court Order denying the second PCR, and it appears that Petitioner did not immediately appeal that decision.[2] *See id.*

---

Division. In the full Answer addressing the merits, Respondents shall provide and cite to the relevant record as exhibits.

[2] In his third PCR, Petitioner asserted that the Law Division denied his second PCR because his first PCR petition was still pending in the Appellate Division and characterized his third PCR as the "refiling" of his second PCR. *See Merlain*, 2018 WL 5260429, at *1 n.1. The Appellate

On December 6, 2016, however, Petitioner filed a third PCR petition in the Law

Division. On March 15, 2017, the PCR court denied the third PCR petition as untimely and

procedurally barred.[3] *See Merlain*, 2018 WL 5260429, at *1-2. On October 23, 2018, the

Appellate Division affirmed the denial of the third PCR. The Appellate Division held that

petitioner's second PCR was untimely and that his third PCR was also untimely as to the claims

against first PCR counsel. *See id.*

In finding the second PCR untimely, the Appellate Division held as follows:

> While his appeal was pending, on October 28, 2015,
> defendant filed a second PCR petition pro se, alleging ineffective
> assistance of PCR counsel. Defendant asserts in this appeal that the
> court denied the second PCR petition without prejudice due to the
> pending appeal; however, he did not provide a confirming order or
> the date of the alleged denial. Nevertheless, his appeal of the denial
> of his first PCR petition did not stay or toll the time to file the
> second PCR petition. *See* R. 3:22-12(b) ("These time limitations
> shall not be relaxed, except as provided herein"); cf. *State v. Milne*,
> 178 N.J. 486, 494 (2004) (Calculation of the five-year period under
> Rule [3]:22-12 is neither stayed nor tolled by appellate
> proceedings).
>
> Accordingly, the second PCR petition was untimely under
> Rule 3:22-12(a)(2)(C) because it alleged ineffective assistance of
> PCR counsel on the first PCR petition and was filed more than one
> year after the date of the denial of the first petition. The second
> PCR petition was also barred under Rule 3:22-4(b)(1) because it
> was untimely under Rule 3:22-12(a)(2)(C).

*Merlain*, 2018 WL 5260429, at *1.

---

Division noted that Petitioner did not provide the Law Division Order denying his second PCR
and that his Third PCR raised additional claims against appellate PCR counsel and was properly
characterized as a third PCR. Respondents represent that they have been unable to obtain the
order denying the second PCR petition, and Respondents also represent that they unaware of any
further appellate proceedings from the denial of the second PCR petition.

[3] In the Order denying Petitioner's third PCR, the PCR court refers to Petitioner's third PCR as
his second PCR.

With respect to timeliness, the Appellate Division further held that "[t]he third PCR petition was untimely <u>as to first PCR counsel</u> under Rule 3:22-12(a)(2)(C) and barred under Rule 3:22-4(b)." *See id.* at *2 (emphasis added). The Appellate Division also rejected the claims on the merits as follows:

> Defendant makes nothing but bald assertions that PCR counsel, as well as PCR appellate counsel, rendered ineffective assistance. Defendant filed his second and third PCR petitions pro se and provided no affidavits or certifications, including his own, to support his claims against either counsel.

*Id.* at *3.

The New Jersey Supreme Court denied Petitioner's petition for certification from the denial of his third PCR petition on September 4, 2019. *See* 239 N.J. 70 (2019).

The instant Petition is dated March 16, 2020. *See* ECF No. 1 at 15. Respondents missed the deadline to file the Answer, but they subsequently sought and received an extension of time within which to filed their response; pursuant to the extension, Respondents' response was due on or before November 22, 2021. *See* ECF Nos. 3, 6. Respondents filed the instant motion to dismiss on November 18, 2021. ECF No. 8.

Petitioner has twice asked the Court to enter a default against Respondents, ECF Nos. 4, 7, which the Court addresses below. On November 18, 2021, Petitioner filed a motion to dismiss Respondents' motion to dismiss as untimely, arguing that Respondents should be required to file a full answer because they missed the filing deadline. *See* ECF No. 12.

## II.   PETITIONER'S REQUESTS FOR DEFAULT JUDGMENT AND MOTION TO DISMISS

The Court first addresses Petitioner's requests for default judgment. A respondent's untimely answer is not grounds to grant default judgment in a habeas proceeding. *In re West*, 591 F. App'x 52, 54 n.3 (3d Cir. 2015); *see also Riley v. Gilmore*, No. 15-351, 2016 WL 5076198, at *1 n.2 (E.D. Pa. Sept. 20, 2016), certificate of appealability denied sub nom. *Riley v.*

*Superintendent Greene SCI*, No. 16-3954, 2017 WL 5068120 (3d Cir. Feb. 9, 2017); *Nesmith v. Common Pleas Ct. of Philadelphia Cty.*, No. 09-4356, 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010). "Even if the Government had failed to respond to the § 2255 motion, it does not follow that [the petitioner] is entitled to a default judgment." *In re West*, 591 F. App'x at 54 n.3. Simply stated, "[d]efault judgment is inapplicable in the habeas context." *Riley*, 2016 WL 5076198, at *1 n.2. For this reason, Petitioner's requests for default judgment are denied.

The motion to dismiss respondents' motion to dismiss as untimely is likewise denied, as the Court provided respondents with an extension to submit their response, and respondents filed their motion to dismiss as within time.

## III.   RESPONDENTS' MOTION TO DISMISS THE PETITION AS UNTIMELY

The Court next addresses the motion to dismiss brought by Respondents. In their motion to dismiss, Respondents assert that the Petition is untimely under AEDPA, which generally requires a state prisoner file his or her federal habeas petition within one year after his or her conviction becomes final. *See Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). AEDPA's statute of limitations must be applied "on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). Specifically, AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2254(d)(1)(A), the conclusion of direct review occurs when the Supreme Court of the United States affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari; where a prisoner chooses not to seek a writ of certiorari, then the conviction becomes final when the time for filing a certiorari petition expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119, (2009) (applying this principle to petition filed under § 2254).

Furthermore, under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003).

To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both "pending" and "properly filed." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v. Fahy*, 534 U.S. 944 (2001). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not

6

the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court of the United States held that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2). *Id.*, at 414, 417 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"). In *Pace*, the Supreme Court built upon a distinction that it had earlier articulated in *Artuz v. Bennett*, 531 U.S. 4 (2000), between postconviction petitions rejected on the basis of " 'filing' conditions," which are not "properly filed" under § 2244(d)(2), and those rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are. *Pace*, 544 U.S. at 417 (citing *Artuz, supra*, at 10–11). As explained by the Supreme Court in *Allen v. Siebert*, 552 U.S. 3, 6 (2007), statutes of limitations are "filing" conditions because they "go to the very initiation of a petition and a court's ability to consider that petition." (citing *Pace*, 544 U.S., at 417). As such, "time limits, *no matter their form*, are 'filing' conditions," and a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely. *Id.* (emphasis added in *Allen*).

Here, Petitioner is plainly entitled to statutory tolling from the conclusion of direct review through October 11, 2016, when the New Jersey Supreme Court denied certification as to Petitioner's first PCR. The statute of limitations then ran for 55 days, from October 12, 2016,

the day after the New Jersey Supreme Court denied Petitioner's petition for certification as to his first PCR, until December 6, 2016, the day Petitioner filed his third PCR.

A careful reading of the Appellate Division's decision affirming the denial of Petitioner's third PCR indicates that they rejected the third PCR as untimely only as to the claims against first PCR counsel. The Appellate Division did not reject the third PCR as untimely with respect to the claims against PCR appellate counsel and rejected these claims on the merits.[4] Because the third PCR was rejected as untimely only as to the claims against first PCR counsel (and not as to the claims against PCR appellate counsel), the Court declines to find that the Petitioner's third PCR was not "properly filed."

In this regard, the Court also notes that the Appellate Division's opinion also rejected Petitioner's second PCR as untimely because it was filed on October 28, 2015, approximately 20 months after his first PCR was denied by the trial court on February 19, 2014. Here, however, the Court does not and need not find that Petitioner is entitled to statutory tolling based on the second PCR.

Rather, it finds that Petitioner is entitled to statutory tolling from the conclusion of direct review through the conclusion of his first PCR; Petitioner is also entitled to statutory tolling during the time the third PCR was pending, as the Appellate Division did not reject the entire

---

[4] Where the state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013). As second or subsequent PCR "shall be filed more than one year after the latest of . . . . the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged." N.J. Ct. R. 3:22-12. The Appellate Division affirmed the denial of Petitioner's first PCR on June 21, 2016. As such, as to the claims against PCR appellate counsel, it would appear Plaintiff had until one year after that date to file a PCR alleging that his PCR appellate counsel was ineffective, and he filed his third PCR on December 6, 2016.

third PCR as untimely, and instead rejected particular claims as untimely. The limitations period began to run again on September 5, 2019, the day after the Supreme Court of New Jersey denied the petition for certification on Petitioner's third PCR. The limitations period ran for 193 days, until it was tolled again by the Petitioner's filing of the instant Petition on March 16, 2020. As such, a total of 248 days elapsed of the one-year AEDPA limitations period, and the Petition is not subject to dismissal <u>in its entirety</u> as untimely.[5]

For these reasons, the Court denies the motion to dismiss the Petition and directs Respondents to file their full answer in the manner described in the Court's prior Order. *See* ECF No. 2. With their full Answer, Respondents shall also file and cite to the available record as exhibits, rather than relying, as they have here, on the Appellate Division's recitation of dates.

**IT IS, THEREFORE**, on this 15 day of June 2022,

**ORDERED** that Respondents' motion to dismiss the Petition as untimely is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that Petitioner's motion seeking dismissal of Respondents' motion to dismiss, ECF No. 12, and his requests for default judgment are DENIED; and it is further

**ORDERED** that Respondents shall file a full Answer to the Petition within 45 days in the manner set forth in the Court's prior Order, *see* ECF No. 2, and it is further

---

[5] Although it is beyond the scope of this decision, ineffective assistance of PCR counsel and/or PCR appellate counsel are not cognizable in federal habeas. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") The claims in the second PCR and the claims against PCR counsel in the third PCR—to the extent they are raised in Petitioner's habeas Petition—are also untimely, and those claims are individually subject to dismissal as untimely absent sufficient arguments in support of equitable tolling. Respondents are free to raise these more limited arguments, as well as other applicable procedural bars, in their full Answer, and Petitioner should provide arguments in support of equitable tolling in his traverse.

**ORDERED** that Petitioner shall file his traverse within 45 days of his receipt of Respondents' Answer; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Petitioner at the address on file.

Madeline Cox Arleo
United States District Judge